1
2
3
4
5
6
7   UNITED STATES DISTRICT COURT
8   EASTERN DISTRICT OF CALIFORNIA
9
10  ASOFA V. TAFILELE,                    CASE NO.    1:10-cv-01493-GBC (PC)

11              Plaintiff,                ORDER DISMISSING COMPLAINT WITH
                                          LEAVE TO AMEND
12      v.

13  KELLY HARRINGTON, et al.,             (ECF No. 1)

14              Defendants.               AMENDED COMPLAINT DUE WITHIN
                                  /       THIRTY DAYS
15  _____

16

17                          **SCREENING ORDER**

18  **I.    PROCEDURAL HISTORY**

19
20          Plaintiff Asofa Tafilele ("Plaintiff"), an inmate in the custody of the California

21  Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma

22  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action

23  on August 18, 2010.  (ECF No. 1.)  No other parties have appeared.

24          Plaintiff's Complaint is now before this Court for screening.  For the reasons set forth

25  below, the Court finds that Plaintiff has failed to state any cognizable claims.

26  ///

27                                        1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff brings this action for use of excessive force, failure to protect, and inadequate medical care, each in violation of the Eighth Amendment, a due process violation under the Fourteenth Amendment, and a retaliation claim under the First

2

Amendment.  Plaintiff names the following individuals as Defendants: Kelly Harrington, Warden; Northcutt, correctional officer; Rivera, correctional officer sergeant; Solez, correctional officer; Mata, correctional officer; Williams, correctional officer; Hernandez, correctional officer; Murphy, correctional officer; Spurgeon, correctional officer; Wojick, correctional officer; Lomelli, correctional officer; and Meza, licensed vocational nurse.  All Defendants were employed at Kern Valley State Prison at the time of the incident.

Plaintiff alleges as follows: On January 21, 2010, Plaintiff was walking laps in the morning day room.  Defendant Northcutt blocked Plaintiff's path, so Plaintiff walked around him.  Northcutt yelled for Plaintiff to stay behind him.  Plaintiff continued walking.  Northcutt blocked Plaintiff's path again and again told Plaintiff to stay behind him.  Plaintiff responded "whatever man" and continued walking.  Northcutt pushed Plaintiff, and yelled at him.  Plaintiff responded by asking him what his problem was.  Northcutt then punched Plaintiff in the face.  Plaintiff was pepper sprayed and struck repeatedly on both sides in his ribs and stomach.  Plaintiff fell to the ground, crawled away, and proned out.  Plaintiff was again peppered sprayed, struck several more times, shot in the arm by Defendant Mata, and picked up and thrown to the ground.  During some point, his left arm was broken.  Restraints were placed on Plaintiff and he was drug away while being struck on the head and arms.  Someone sat on Plaintiff and slammed his head against the wall.  Plaintiff was struck in the mouth and then lost consciousness.  Plaintiff told Defendant Meza that he was in pain, and she told him to fill out a medical request form where ever he went.

On April 7, 2010, Defendants Lomelli and Medina approached Plaintiff and asked if he had filed a complaint for staff misconduct.  Lomelli then threatened Plaintiff to drop

3

the complaint or be assaulted again.

Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Eighth Amendment Claims

#### 1.   Excessive Use of Force

Plaintiff claims that Defendants used excessive force in violation of his constitutional rights.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates

4

contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S.Ct. 1175, 1176-77 (2010).

As to Defendant Northcutt, Plaintiff alleges that they had a verbal confrontation when Plaintiff did not do what Northcutt told him to do, Plaintiff walked away, Northcutt responded with force, and Plaintiff crawled away. As currently described, it appears as though Defendant Northcutt used force to restore and maintain discipline. Plaintiff states that he directly disobeyed several orders given by Northcutt, verbally confronted Northcutt,

5

and then tried to crawl away.  Defendant Northcutt applied force, but it does not appear that he did so maliciously or sadistically.

As to Defendant Mata, Plaintiff only states that he was shot by Mata.  Considering the confrontation, both verbal and physical, again it does not appear that Defendant Mata's use of force was excessive.  He did not use the force sadistically or maliciously, but instead to restore discipline.

As for the remaining allegations, Plaintiff may be able to state a claim; however, he fails to name which Defendants were responsible for which actions.  Plaintiff will be given leave to amend.  In his amended complaint, Plaintiff needs to describe in greater detail who was involved in the incident and what actions they performed.

2.    Failure to Protect Claim

Plaintiff alleges that Defendants Rivera, Williams, Hernandez, Murphy, and Spurgeon failed to protect him.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  "A prison official may be held liable for failing to protect an inmate from another prison guard if he knew of an excessive risk to inmate health or safety posed by the other prison guard and disregarded that risk." Jones v. Ruiz, 2010 WL 3505119, *7 (W.D.Tex Sept. 2, 2010) (citations omitted).  The Ninth Circuit has noted that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." U.S. v. Koon, 34 F.3d 1416, 1446-47 n.25 (9th Cir. 1994), rev'd on other grounds by 518 U.S. 81 (1996); Estate of

Brutsche v. City of Federal Way, 2006 WL 3734153, *5-6 (W.D.Wash. Dec.14, 2006).  "If a bystander officer fails to fulfill this duty, he can face the same liability as colleagues who directly violated the suspect's rights."  Aragonez v. County of San Bernardino, 2008 WL 4948410, *6 (C.D.Cal. Nov. 18, 2008).   Bystander officers only have a duty to stop a violation where they know or have reason to know of the constitutional violation.  Ting v. U.S., 927 F.2d 1504, 1511 (9th Cir. 1991), see also Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029-30 (9th Cir. 2002) (holding that bystander officers could not be held liable for failing to stop an unlawful search where they had no reason to believe the warrant at issue was defective).

However, "law enforcement officers are only liable for failure to intercede if they had a 'realistic opportunity' to do so."  Radwan v. County of Orange, 2010 WL 3293354, *24 (C.D.Cal. Aug. 18, 2010); see Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000). If an officer is not present during a constitutional violation, or the violation happens too quickly, there may be no realistic opportunity to intercede. See id.; Knapps v. City of Oakland, 647 F.Supp.2d 1129, 1159-60 (N.D.Cal. 2009).

Plaintiff fails to allege sufficient facts to sustain a claim of failure to protect against the listed Defendants.  Plaintiff states that Defendants Rivera, Williams, Hernandez, Murphy, and Spurgeon failed to protect him, but does not allege any facts related to this claim.  He does not state that these Defendants had a reasonable opportunity to intercede, nor does he state that they were aware of the risk posed by the other Defendants.  Plaintiff states that each of these Defendants responded to the incident and failed to protect him, but states nothing else related to such a claim.  To state a claim, Plaintiff must include additional facts that allow the Court to determine if Defendants Rivera, Williams,

7

1
2
3
4

Hernandez, Murphy, and Spurgeon had knowledge of the other Defendants propensities and were deliberately indifferent to a danger created by other Defendants or that they had an opportunity to intercede.

5

### 3.    Medical Care Claim

6
7

Plaintiff alleges that Defendant Meza failed to provide adequate medical care after he was injured in the incident.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

25
26
27

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that he was shot, repeatedly struck and sprayed with pepper spray, and that his left arm was broken.  Plaintiff states that while in the holding cage, he told Defendant Meza that he was in pain and asked her for medical treatment and she told him to file a request from where ever he ended up.

As currently pleaded, Plaintiff has failed to allege facts sufficient to show deliberate indifference to a serious medical need.  Plaintiff has not set forth facts indicating that, other than telling Defendant Meza that he was in pain, he told her anything else like that he had a possibly broken arm or any other serious medical need.  Plaintiff's allegations with respect to his injuries and interaction with Defendant Meza are too vague to allow the Court to determine whether Defendant Meza was deliberately indifferent to any possible serious medical need.

The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.  In his amended complaint, Plaintiff should describe in greater detail his encounter with Defendant Meza.

## B.  Conspiracy

Plaintiff makes one statement about Defendant Lomelli "conspiring with officers to file false charges against Plaintiff and for threatening Plaintiff."  (Pl.'s Compl. p. 6.)

A conspiracy claim brought under Section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the Court may not apply a

heightened pleading standard to Plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).   However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 127 S.Ct. at 1965 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Id. at 1964-65 (internal quotations and citations omitted).  As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

As stated above, bare allegations that Defendant Lomelli was conspiring to violate Plaintiff's rights do not suffice to state a claim.  The Court will grant Plaintiff leave to amend this claim.

**C.    Retaliation**

Plaintiff states that he was retaliated against by Defendant Lomelli for exercising his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has pleaded facts insufficient to state a claim of retaliation.  Plaintiff states

11

that Defendants Lomelli and Medina approached him, asking him about a staff misconduct complaint Plaintiff had filed and threatening more assaults if Plaintiff didn't drop it.

Filing a grievance is a protected action under the First Amendment. <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989). However, the alleged assault threats are not a sufficiently adverse action to rise to the level of retaliation, as threats alone are insufficient to state a constitutional deprivation. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). Thus, Plaintiff has satisfied the third prong of the retaliation standard, but fails to satisfy the first.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300). Plaintiff does not allege that his speech was chilled, nor has he demonstrated sufficient adverse actions. Thus, Plaintiff has failed to satisfy the fourth prong.

The second element of a prisoner retaliation claim focuses on causation and motive. <u>See</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." <u>Id.</u> (quoting <u>Morgan</u>, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect

timing, evidence, and statements); <u>Hines v. Gomez</u>, 108 F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").  Plaintiff alleges Defendants Lomelli and Medina confronted and threatened Plaintiff regarding a staff complaint Plaintiff had filed.  The timing does appear to be suspect.  However, Plaintiff does not state what role Defendants Lomelli and Medina played in the incident.  In fact, Plaintiff does not state that either Defendant had knowledge of the incident.  Thus, Plaintiff has not stated adequate facts to satisfy the second prong of his retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Rizzo, 778 F.2d at 532.  This is not a high burden to reach.  See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry).  Plaintiff makes no statements regarding penological goals or whether the allegedly adverse acts were related to such goals.  Thus, Plaintiff has failed to reach the fifth prong.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.  In his amendment, Plaintiff should describe in greater detail how all Defendants were involved with the incident and then the retaliation.

### D.    False Charges/Due Process

Plaintiff makes a reference to false charges being filed against him by Defendants Wojick and Lomelli.  This appears to be a due process argument.

13

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law."  Id.  Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim. Id.; Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation.  Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974).  These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken.  Id.

Here, Plaintiff makes one reference to false charges.  He states nothing else related to this claim.  Because Plaintiff makes no allegations that he did not receive proper procedural due process, his due process claim remains incognizable.  See e.g. Williams v. Cal. Dep't of Corr. & Rehab., 2010 WL 935753, *7 (C.D.Cal. Jan.4, 2010); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D.Cal. Jan.8, 2009).  Therefore, Plaintiff's due process claim also fails.  The Court will give Plaintiff one additional opportunity to amend such claim.  In the amended complaint, Plaintiff should describe the hearing he received.

**E.    Personal Participation and Supervisory Liability**

Plaintiff appears to be arguing that most of the named Defendants are liable for the

14

conduct of subordinates as, according to Plaintiff's statement of facts, they were not present and did not participate in any of the complained of conduct. In fact, many of the Defendants are not mentioned at all in the factual allegations that make up Plaintiff's Complaint.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general

15

responsibility for supervising the operations of a prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability.   Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id.  "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff has not alleged facts demonstrating that most of the named Defendants personally acted to violate his rights.   In his Amended Complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights.   Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.   The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.     Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1493-GBC (PC); and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   June 16, 2011

UNITED STATES MAGISTRATE JUDGE

17