# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASOFA V. TAFILELE,<br><br>           Plaintiff,<br><br>     v.<br><br>KELLY HARRINGTON, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-cv-01493-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS<br><br>Doc. 35<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>Doc. 36 |

**I. Procedural History**

On August 18, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On July 20, 2011, the Court found a cognizable Eighth Amendment claim for excessive force against Defendants Mata, Hernandez, Williams, Spurgeon, and Murphy, and Eighth Amendment claim for deliberate indifference to serious medical need against Defendant Meza. Doc. 15. On October 24, 2011, the Court issued a discovery and scheduling order, setting a discovery deadline of June 24, 2012. Doc. 30. On February 13, 2012, Plaintiff filed a motion for subpoenas and for documents. Doc. 35. On February 21, 2012, Plaintiff filed a motion to compel discovery. Doc. 36. On March 13, 2012, Defendants filed an opposition to Plaintiff's motion to compel discovery. Doc. 38. This matter is deem submitted pursuant to Local Rule 230(l).

## II. Analysis

### A. Motion for Subpoenas

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends. The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above.

### B. Motion to Compel Discovery

In Plaintiff's motion to compel discovery, Plaintiff states Defendants failed to provide documents regarding Defendants' training and policies and procedures. Mot. Compel at 1-2, Doc. 36. Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." *See* Fed. R. Civ. P. 37(a)(3).

In response to Plaintiff's motion to compel, Defendants stated that they already agreed to provide the documents once they were in their custody and control. Defs. Opp'n at 1-2, Doc. 38. Defendants also state that Plaintiff did not communicate with defense counsel prior to filing the motion to compel. *See id.*

In responding to Plaintiff's discovery requests, Defendants notified Plaintiff that once the documents were in their custody or control, they would supplement discovery. Therefore, this court cannot compel Defendants to produce documents that do not exist or are not in their possession or control. *See* Fed. R. Civ. P. 34(a)(1). See *also United States v. Int'l Union of Petroleum & Indus.*

*Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them).

### III. Conclusion

The Court finds that Plaintiff did not demonstrate that he followed the proper procedure to request a subpoena prior to filing a motion for subpoena and that Defendants agreed to respond to Plaintiff's discovery requests once they had custody or control over the responsive documents. Based on the foregoing analysis, Plaintiff's motion for subpoenas and motion to compel is DENIED.

IT IS SO ORDERED.

Dated: May 18, 2012

UNITED STATES MAGISTRATE JUDGE