# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASOFA V. TAFILELE,<br><br>        Plaintiff,<br><br>   vs.<br><br>HERNANDEZ, et al.,<br><br>        Defendants. | 1:10cv01493-LJO-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(Document 78) |

       Plaintiff Asofa V. Tafilele ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This action for damages and equitable relief is proceeding against (1) Defendants Mata, Hernandez, Williams, Spurgeon and Murphy for use of excessive physical force, in violation of the Eighth Amendment; and (2) Defendant Meza for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

       The matter is set for jury trial on March 4, 2014, at 8:30 a.m., before the Honorable Lawrence J. O'Neill.

       On December 12, 2013, Plaintiff filed a motion seeking the attendance of four incarcerated witnesses. Defendants opposed the motion on December 26, 2013.

1

**DISCUSSION**

In determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Plaintiff seeks the attendance of four incarcerated witnesses. Defendants oppose the attendance of each witness for various reasons. Insofar as they contend that Plaintiff's failure to identify the correct place of incarceration "casts doubt upon his claim that they are all willing to testify at trial," their argument is without merit. Opp'n 2. The reality of incarceration sometimes makes it difficult to locate an inmate who has been relocated since the incident, and the Court and/or Defendants' counsel often assists in locating the inmate. Plaintiff's failure does not, as Defendants suggest, cast doubt on his statements.

Defendants also fault Plaintiff for failing to attach declarations for each of the prospective witnesses and contend, without explanation, that Plaintiff's own declaration addressing the necessary issues is "insufficient. . ." Opp'n 2. To the contrary, pursuant to the Second Scheduling Order, the party's own declaration can support a request for the attendance of an incarcerated witness.

Defendants admit that Inmates Hwang and Ryoo have personal knowledge of the incidents at issue, and the Court agrees.  The Court will allow the testimony of Inmates Hwang and Ryoo.

As for Inmate Howard, it does appear that his testimony may overlap a portion of Inmate Hwang's testimony.  Both inmates witnessed Defendant Meza's interaction with Plaintiff, including Plaintiff's complaints of pain.  Both inmates also told Defendant Meza that Plaintiff's arm appeared to be broken.  In the context of a deliberate indifference claim, however, their testimony is not cumulative.  The Court will allow Inmate Howard's testimony.

Finally, Defendants argue that Inmate Carillo's foundation to testify is limited, in part, because he only "saw Plaintiff dragged through the rotunda."  Opp'n 3.  Certainly, Inmate Carillo's testimony will be limited to facts of which he has personal knowledge, and it appears that he has personal knowledge of a portion of the incident.  Moreover, Inmate Carillo's declaration is slightly more detailed than Defendants contend.  He states that he "noticed a couple correctional officers dragging Tafilele through the building rotunda by his feet," and that "while the officers were dragging him, several other officers were kicking him in the head and body."  Opp'n, Ex. A.  The Court will allow Inmate Carillo's testimony.

## ORDER

Plaintiff's Motion for the Attendance of Incarcerated Witnesses is GRANTED as to Inmates Ronald Hwang, CDCR# V-07990, Mark Howard, CDCR# K-66087, Joshua Carillo, CDCR# P-96744 and Pyung Ryoo, CDCR #F-88924.

IT IS SO ORDERED.

Dated: **January 7, 2014**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE