# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASOFA V. TAFILELE,<br><br>  Plaintiff,<br><br> vs.<br><br>HERNANDEZ, et al.,<br><br>  Defendants. | 1:10cv01493 LJO DLB PC<br><br>ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE<br><br>(Documents 92, 93 and 94) |

## I. <u>INTRODUCTION</u>

Plaintiff Asofa V. Tafilele ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against (1) Defendants R. Mata, R. Hernandez, D. Williams, J. Spurgeon and M. Murphy for violation of the Eighth Amendment based on the use of excessive force; and (2) Defendant S. Meza for violation of the Eighth Amendment based on deliberate indifference to a serious medical need.

This matter is set for jury trial on March 4, 2014.

Pending before the Court are Defendants' Motions in Limine, filed on January 28, 2014. Plaintiff did not oppose the motions.

1

## II. DISCUSSION

### A. Motion to Exclude "Code of Silence" and "Green Wall" Arguments

Defendants seek to exclude any and all testimony, questions or arguments regarding the "Code of Silence" and "Green Wall" at trial as irrelevant, overly prejudicial and an undue consumption of time. Defendants concede that there is no indication that the terms are applicable to this action, but they point out that Plaintiff alleges that Defendant Mata failed to report the use of excessive force, and Defendant Meza failed to report his broken arm.

Defendants' motion is GRANTED. While the Plaintiff may present evidence that there was a failure to report or cover up, general references to the "Code of Silence" and "Green Wall" are precluded. Fed. R. Evid. 403.

### B. Motion Requiring that Plaintiff be Shackled at Trial

Defendants seek an order requiring Plaintiff to be shackled throughout the duration of the trial. Defendants cite Plaintiff's criminal history, as well as his history of disciplinary actions while incarcerated. Defendants state that having Plaintiff restrained by leg irons attached to the cement bucket is an acceptable alternative.

Defendants' motion is GRANTED. Plaintiff will be subject to the leg irons under the curtained table for safety concerns within the courtroom, based on his history.

### C. Motion to Exclude Dismissed and Irrelevant Issues at Trial

Defendants argue that Plaintiff should be excluded from presenting evidence on his failure to protect claim, which was dismissed form this action at the screening stage.

Defendants' motion is GRANTED as such evidence is irrelevant. Fed. R. Evid. 403.

IT IS SO ORDERED.

Dated: **February 26, 2014**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE